UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CRYSTAL GARRETT-EVANS, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>COTY INC., LAMBERTUS "BART" BECHT, CAMILLO PANE, PIERRE LAUBIES, PATRICE DE TALHOUËT, and PIERRE-ANDRE TERISSE,<br><br>　　　　　Defendants. | Case No.: 1:20-cv-07277-LLS<br><br>Hon. Louis L. Stanton |

**MEMORANDUM OF LAW IN SUPPORT OF DAVIDE TARDINO FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF <u>SELECTION OF COUNSEL</u>**

## **TABLE OF CONTENTS**

**Page**

I. FACTUAL BACKGROUND ........................................................................................ 2

II. PROCEDURAL HISTORY .......................................................................................... 5

III. ARGUMENT ................................................................................................................ 5

    A. Appointing Movant as Lead Plaintiff Is Appropriate. ...................................... 5

        1. Movant Filed a Timely Motion. ............................................................ 6

        2. Movant Has the Largest Financial Interest. .......................................... 7

        3. Movant Satisfies the Relevant Requirements of Rule 23. .................... 8

            a. Movant's Claims Are Typical. ................................................... 8

            b. Movant Is an Adequate Representative. .................................... 9

    B. Approving Lead Plaintiff's Choice of Counsel Is Appropriate. ....................... 9

IV. CONCLUSION ........................................................................................................... 11

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*In re Cendant Corp.*,
  264 F.3d 201 (3d Cir. 2001) ................................................................................................... 9

*City of Monroe Emples.' Ret. Sys. v. Hartford Fin. Servs. Group, Inc.*,
  269 F.R.D. 291 (S.D.N.Y. 2010) ....................................................................................... 8, 9

*Deinnocentis v. Dropbox, Inc.*,
  No. 19-cv-06348-BLF, 2020 U.S. Dist. LEXIS 8680 (N.D. Cal. Jan. 16, 2020) ................... 10

*Ellison v Tufin Software Tech.*,
  No. 1:20-cv-05646-GHW, 2020 US Dist LEXIS 197525 (S.D.N.Y. Oct. 19, 2020) ............. 10

*In re eSpeed, Inc. Sec. Litig.*,
  232 F.R.D. 95 (S.D.N.Y. 2005) ............................................................................................ 8

*Isaacs v. Musk*,
  No. 18-CV-04865-EMC, 2018 U.S. Dist. LEXIS 200717 (N.D. Cal. Nov. 27, 2018), ......... 10

*Kuriakose v. Fed. Home Loan Mortg. Co.*,
  No. 1:08-cv-7281-JFK, 2008 U.S. Dist. LEXIS 95506 (S.D.N.Y. Nov. 24, 2008) ................. 8

*Pope v. Navient Corp.*,
  No. 17-cv-8373 (RBK/AMD), 2018 U.S. Dist. LEXIS 17340 (D.N.J. Feb. 2, 2018) ............ 10

*Snyder v. Baozun Inc.*,
  No. 1:19-cv-11290-ALC, 2020 U.S. Dist. LEXIS 163967 (S.D.N.Y. Sep. 8, 2020) ............. 10

*In re Sundial Growers Inc. Sec. Litig.*,
  No. 1:19-cv-08913-ALC (S.D.N.Y. Dec. 20, 2019) .............................................................. 10

*In re Tesla, Inc. Sec. Litig.*,
  No. 18-CV-04865-EMC, 2018 U.S. Dist. LEXIS 212238 (N.D. Cal. Dec. 17, 2018) .......... 10

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
  589 F. Supp. 2d 388 (S.D.N.Y. 2008) ................................................................................ 6, 7

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*,
  No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552 (E.D.N.Y. May 31, 2011) ................. 9

*Zhang v. Valaris PLC, et al.*,
  No. 1:19-cv-07816-NRB (S.D.N.Y. Dec. 23, 2019) ............................................................. 10

**Statutes**

15 U.S.C. § 78u-4 ..................................................................................................... passim

**Rules**

FED. R. CIV. P. 23 .............................................................................................................. 1, 6, 8

Davide Tardino ("Movant") respectfully submits this memorandum of law in support of his motion ("Motion") to appoint him as lead plaintiff and approve his selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel pursuant to Section 21D of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), on behalf of a putative class of purchasers of Coty Inc. ("Coty" or the "Company") securities from October 3, 2016 to May 28, 2020, inclusive (the "Class" who purchased during the "Class Period"), concerning claims under Sections 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, against defendants Coty, Lambertus "Bart" Becht ("Becht"), Camillo Pane ("Pane"), Pierre Laubies ("Laubies"), Patrice De Talhouët ("De Talhouët"), and Pierre-Andre Terisse ("Terisse"), (collectively, "Defendants").

Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the Class who also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure are presumed to be the "most adequate" plaintiff—*i.e.*, the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate movant as lead plaintiff. Movant believes that he is the "most adequate" movant, as defined by the PSLRA, and should be appointed lead plaintiff based on the financial losses he suffered as a result of defendants' wrongful conduct as alleged in this litigation. Moreover, Movant satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other Class members' claims and they will fairly and adequately represent the interests of the Class. In addition, Movant's selection of Levi & Korsinsky as Lead Counsel should be approved because the firm has substantial expertise in

1

securities class action litigation and the experience and resources to efficiently prosecute this Action (the "Action").

## I. FACTUAL BACKGROUND[1]

Coty is one of the world's largest beauty companies, operating in three divisions: Coty Consumer Beauty ("Consumer Beauty") which focuses on color cosmetics, retail hair coloring and styling products, body care and mass fragrances sold primarily in the mass retail channels; Coty Luxury ("Coty Luxury") which focuses on prestige fragrances and skincare brands; and Coty Professional Beauty ("Coty Professional") which focuses on servicing nail salon owners and professionals in both hair and nail. ¶ 2.

Throughout the Class Period, Defendants made materially false and/or misleading statements and/or failed to disclose material adverse facts about Coty's business, operations, and prospects. Specifically, Defendants misrepresented and/or failed to disclose: (1) that despite being no stranger to beauty brand acquisitions, Coty did not have adequate processes and procedures in place to assess and properly value the P&G Specialty Beauty Business and Kylie Cosmetics acquisitions; (2) that as a result, Coty had overpaid for the P&G Specialty Beauty Business and Kylie Cosmetics; (3) that Coty did not have adequate infrastructure to smoothly integrate and support the beauty brands that it acquired from P&G, including an adequate supply chain; (4) that, as a result of its inadequate infrastructure, Coty was not successfully integrating the beauty brands it acquired from P&G and not delivering synergies from the acquisition; (5) and that, as a result of

---

[1] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "Complaint") filed in the Action entitled *Garrett-Evans v. Coty Inc. et al.,* Case No. 1:20-cv-07277-LLS. Unless otherwise defined, capitalized terms shall have the same meaning set forth in the Complaint. The facts set forth in the Complaint are incorporated herein by reference.

the foregoing, Coty's financial statements and Defendants' statements about Coty's business, operations, and prospects, were materially false and/or misleading at all relevant times. ¶ 10.

The Class Period began on October 3, 2016 when the Company issued a press release announcing the completion of its merger with The Proctor & Gamble Company's fine fragrance, color cosmetics, salon professional and hair color and certain styling businesses ("P&G Specialty Beauty Business") for $12.5 billion to scale up its beauty business. ¶ 3. In the press release, Defendant Becht, Chairman of Coty's Board of Directors ("Board"), confirmed that "…we now have a much improved team, structure and culture to make the vision of this merger a reality." *Id.*

On February 9, 2017, Coty reported its second quarter fiscal 2017 results, the first quarter after its completion of the merger, and disclosed what it characterized as "short-term negative transitional impacts especially including significant trade inventory build in the first quarter of fiscal 2017 in parts of the P&G business," indicating that the P&G Specialty Beauty Business may have been overvalued. ¶ 4. Defendant Pane concurrently assured the market that "[o]n the P&G Beauty Business merger, we are reiterating our previously communicated $750 million synergy target by fiscal 2020. The integration is progressing as expected, with no major issues to date." *Id.*

On this news, Coty's stock price dropped $1.76 per share, or nearly 9%, from a close of $20.04 per share on February 8, 2017 to close at $18.28 per share on February 10, 2017 after two days of trading on heavy volume. *Id.*

Just six months later, Coty surprised investors with disappointing financial results for the fourth quarter and fiscal year ended June 30, 2017 before the market opened on August 22, 2017, including a 10% organic revenue decline in Consumer Beauty – which historically accounted for nearly half of Coty's revenue – signaling that the integration of P&G's over 40 beauty brands was still not a reality. ¶ 5.

On this news, Coty's stock price dropped or nearly 17%,, or $3.31 per share, from a close of $19.55 per share on August 21, 2017 to close at $16.24 per share on August 24, 2017 after three days of trading on heavy volume. *Id.*

Before the market opened on November 7, 2018, Coty one again surprised the market, announcing a bigger than expected decline in first quarter fiscal year 2019 sales due to "several temporary supply-chain related headwinds" which included "[w]arehouse and planning center consolidated disruptions in Europe and the U.S." ¶ 6.

On this news, Coty's stock price dropped nearly 26%, or $2.88 per share, from a close of $11.18 per share on November 6, 2018 to a close of $8.30 per share on November 8, 2018 after two days of heavy trading volume. *Id.*

On July 1, 2019, Coty announced the write down of about $3 billion in value of brands acquired from P&G as part of a four-year restructuring plan, confirming that the P&G Specialty Beauty Business had been overvalued, and caused its stock price to further plummet over 14%, to $1.94 from an opening price of $13.53 per share on July 1, 2019 to a closing price of $11.59 per share that day on heavy trading volume. ¶ 7.

Finally, on November 18, 2019, Coty announced another beauty brand acquisition – a 51% majority stake in Kylie Cosmetics for $600 million in order to "build and further develop Kylie's existing beauty business." ¶ 8. This should have bolstered Coty's growth as Kylie Jenner had been recently described "as the youngest-ever self-made billionaire on the cover of Forbes Self-Made Billionaire issue in August 2018." *Id.*

However, on May 29, 2020, Forbes reported that Kylie Jenner "has been inflating the size and success of her business. For years." – revealing that Defendants had overvalued yet another

4

acquisition. ¶ 9. As such, Coty fell $0.56, or over 13%, from a close of $4.19 on May 28, 2020 to a close of $3.63 per share on May 29, 2020 on heavy volume. *Id.*

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's stock, Plaintiff and other Class members have suffered significant losses and damages. ¶ 11.

## II.     PROCEDURAL HISTORY

Pending before this Court is the above-captioned Action against the Defendants. Plaintiff Crystal Garrett-Evans ("Garrett-Evans") commenced the first filed action against Coty on September 4, 2020. On that same day, counsel acting on Garrett-Evans's behalf published a notice on *Business Wire* announcing that a securities class action had been initiated against the above-captioned Defendants. *See* Exhibit C ("Press Release") to the Declaration of Shannon L. Hopkins in Support of Plaintiff's Motion ("Hopkins Decl.").

## III.     ARGUMENT

### A.     Appointing Movant as Lead Plaintiff Is Appropriate.

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B) The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" — *i.e.*, the plaintiffs most capable of adequately representing the interests of the Class — is the class member or group of class members that:

> (aa) has either filed the complaint or made a motion in response to a notice. . .

> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)

The presumption "may be rebutted only upon proof by a purported member of the plaintiff class that the presumptively most adequate plaintiff—

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Movant satisfies the forgoing criteria and has complied with all of the PSLRA's requirements to be appointed lead plaintiff. Movant has, to the best of his knowledge, the largest financial interest in this litigation—having lost $219,316.13 as a result of his transactions and meets the relevant requirements of Federal Rule of Civil Procedure 23. *See* Loss Chart, Ex. B to Hopkins Decl. In addition, Movant is not aware of any unique defenses that Defendants could raise against him that would render him inadequate to represent the Class. Accordingly, Movant respectfully submits that he should be appointed as lead plaintiff. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

### 1. Movant Filed a Timely Motion.

On September 4, 2020 pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the Notice of the pendency of the *Garrett-Evans* Action was published on *Business Wire*—a widely circulated national business-oriented wire service—announcing that a securities class action had been filed against defendants herein and advising purchasers of Coty securities that they had 60 days from

the publication of the September 4, 2020 notice to file a motion to be appointed as lead plaintiff. *See* Press Release, Ex. C to Hopkins Decl.

Movant timely filed his motion within the 60-day period following publication of the September 4, 2020 Press Release, submitted herewith a sworn certification attesting that he is willing to serve as a representative of the Class and attaching his transactions in Coty securities. *See* Hopkins Decl., Ex. A. By making a timely motion in response to a PSLRA notice, Movant satisfies the first PSLRA requirement to be appointed as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa).

### 2. Movant Has the Largest Financial Interest.

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Movant believes that he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and, accordingly, is presumed to be the "most adequate plaintiff."

Movant purchased Coty securities at prices alleged to have been artificially inflated by way of the Defendants' scheme and/or in reliance upon the materially false and misleading statements issued by the Defendants and was injured thereby. As a result of the alleged fraud against Defendants, Movant suffered an approximate loss of $219,316.13. *See* Hopkins, Ex. B. Movant is unaware of any other Class member claiming a larger financial interest in this matter that has filed a motion for appointment as lead plaintiff. Consequently, Movant believes that he has the "largest financial interest in the relief sought by the Class." Thus, Movant satisfies the second PSLRA requirement—the largest financial interest—to be appointed as lead plaintiff for the Class. *See Varghese,* 589 F. Supp. 2d at 396.

### 3. Movant Satisfies the Relevant Requirements of Rule 23.

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

FED. R. CIV. P. 23(a).

In making its determination that a lead plaintiff candidate satisfies the requirements of Rule 23, "typicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination." *City of Monroe Emples.' Ret. Sys. v. Hartford Fin. Servs. Group, Inc.*, 269 F.R.D. 291, 296 (S.D.N.Y. 2010). At the lead plaintiff stage of the litigation, Movant need only make a preliminary showing that he satisfies Rule 23's typicality and adequacy requirements. *Id.* at 296-97 (*citing In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005)); *Kuriakose v. Fed. Home Loan Mortg. Co.*, No. 1:08-cv-7281-JFK, 2008 U.S. Dist. LEXIS 95506, at *11-12 (S.D.N.Y. Nov. 24, 2008).

#### a. Movant's Claims Are Typical.

The Rule 23(a) typicality requirement is satisfied when a lead plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and lead plaintiff's claims are based on the same legal theory. *See Kuriakose*, 2008 U.S. Dist. LEXIS 95506, at *12. Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

Movant's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movant alleges that Defendants' material misstatements and omissions, and fraudulent scheme, concerning Coty's business, operations, and prospects, violated the federal securities laws. Movant, like all members of the Class, purchased Coty securities during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements, and was damaged thereby. *Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, 2011 U.S. Dist. LEXIS 88552, at *12 (E.D.N.Y. 2011) (typicality satisfied where movants purchased stock at artificially inflated prices "and suffered damages as a result"). Accordingly, Movant's interests and claims are "typical" of the interests and claims of the Class.

### b. Movant Is an Adequate Representative.

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe*, 269 F.R.D. at 297. Movant has demonstrated his adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this Action, and Movant's financial losses ensure that he has sufficient incentive to ensure vigorous advocacy. *See* Hopkins Decl., Ex. B. Finally, Movant is not aware that any conflict exists between his claims and those asserted on behalf of the Class.

### B. Approving Lead Plaintiff's Choice of Counsel Is Appropriate.

The PSLRA vests authority in the lead plaintiffs to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d 201, 274 (3d Cir. 2001). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless

necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Movant has selected Levi & Korsinsky to pursue this litigation on his behalf and will retain the firm as the Class's Lead Counsel in the event he is appointed as lead plaintiff. Levi & Korsinsky possesses adequate experience in securities litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the Firm Résumé attached to the Hopkins Decl. as Ex. D. Moreover, Levi & Korsinsky has often been appointed as lead counsel in similar actions in this Circuit and across the country arising under the federal securities laws on behalf of investors. *See Ellison v Tufin Software Tech.,* No. 1:20-cv-05646-GHW, 2020 US Dist LEXIS 197525, at *3 (S.D.N.Y. Oct. 19, 2020); *Snyder v. Baozun Inc.,* No. 1:19-cv-11290-ALC, 2020 U.S. Dist. LEXIS 163967, at *10-11 (S.D.N.Y. Sep. 8, 2020) (noting that "Levi & Korsinsky has served as Lead or Co-Lead Counsel in dozens of securities class actions and obtained numerous favorable judgments for clients" and the Court found "the firm to be well-qualified to serve as Lead Counsel"*); Deinnocentis v. Dropbox, Inc.,* No. 19-cv-06348-BLF, 2020 U.S. Dist. LEXIS 8680, at *13 (N.D. Cal. Jan. 16, 2020*); Zhang v. Valaris PLC, et al.,* No. 1:19-cv-07816-NRB (S.D.N.Y. Dec. 23, 2019); *In re Sundial Growers Inc. Sec. Litig.,* No. 1:19-cv-08913-ALC (S.D.N.Y. Dec. 20, 2019); *Isaacs v. Musk*, No. 18-CV-04865-EMC, 2018 U.S. Dist. LEXIS 200717, at *20 (N.D. Cal. Nov. 27, 2018), *reconsideration denied sub nom. In re Tesla, Inc. Sec. Litig.*, No. 18-CV-04865-EMC, 2018 U.S. Dist. LEXIS 212238 (N.D. Cal. Dec. 17, 2018) (noting Levi & Korsinsky "is experienced in securities fraud litigation and has been appointed Lead Counsel in other securities class actions."); *Pope v. Navient Corp.*, No. 17-cv-8373 (RBK/AMD), 2018 U.S. Dist. LEXIS 17340, at *13–14 (D.N.J. Feb. 2, 2018) (appointing Levi & Korsinsky as lead counsel as it "is clearly capable of handling this matter—the firm has extensive experience in private securities litigation and has received numerous favorable judgments in its

past representations."). Thus, the Court may rest assured that by granting Movant's motion, the Class will receive the highest caliber of legal representation possible.

## IV. CONCLUSION

For the foregoing reasons, Movant respectfully requests the Court grant his Motion and enter an Order: (1) appointing Movant as lead plaintiff, (2) approving his selection of Levi & Korsinsky as Lead Counsel for the Class, and (3) granting such other relief as the Court may deem just and proper.

Dated: November 3, 2020                     Respectfully Submitted,

**LEVI & KORSINSKY, LLP**

By: /s/ *Shannon L. Hopkins*
Shannon L. Hopkins (SH-1887)
1111 Summer Street, Suite 403
Stamford, Connecticut 06905
Tel. (203) 992-4523
Fax: (212) 363-7500
Email: shopkins@zlk.com


*Lead Counsel for Movant and [Proposed]*
*Lead Counsel for the Class*