**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CRYSTAL GARRETT-EVANS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>COTY INC., LAMBERTUS "BART" BECHT, CAMILLO PANE, PIERRE LAUBIES, PATRICE DE TALHOUËT, and PIERRE-ANDRE TERISSE,<br><br>Defendants. | CASE No.: 1:20-cv-07277-LLS<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF SUSAN NOCK TO: (1) APPOINT LEAD PLAINTIFF; AND (2) APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL**<br><br>**CLASS ACTION** |

Plaintiff Susan Nock ("Movant") respectfully submits this memorandum of law in support of his motion for an Order, pursuant to the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a)      appointing Movant as Lead Plaintiff for the class of all purchasers or acquirers of the publicly traded securities of Coty Inc. ("Coty" or the "Company") between October 3, 2016 to May 28, 2020, both dates inclusive (the "Class Period"); and

1

(b)  approving Movant's selection of The Rosen Law Firm, P.A. ("Rosen") as Lead Counsel for the Class.

## INTRODUCTION AND BACKGROUND

On September 4, 2020, this case was filed against the Company, Lambertus "Bart" Becht, Camillo Pane, Pierre Laubies, Patrice de Talhouët, and Pierre-Andre Terisse for violations under the Exchange Act. That same day, an early notice pursuant to the PSLRA advising class members of, inter alia, the allegations and claims in the complaint, the Class Period, and advising class members of their option to seek appointment as Lead Plaintiff was issued. *See* Ex. 1 hereto.

Coty is one of the world's largest beauty companies. The Company operates three divisions: Coty Consumer Beauty which focuses on color cosmetics, retail hair coloring and styling products, body care and mass fragrances sold primarily in the mass retail channels; Coty Luxury which focuses on prestige fragrances and skincare brands; and Coty Professional Beauty which focuses on servicing nail salon owners and professionals in both hair and nail.

The complaint alleges that during the Class Period Defendants failed to disclose, and would continue to omit, the following adverse facts pertaining to the Company's business, operations, and financial condition, which were known to or recklessly disregarded by Defendants that: (1) despite being no stranger to beauty brand acquisitions, Coty did not have adequate processes and procedures in place to assess and properly value the P&G Specialty Beauty Business (defined below) and Kylie Cosmetics acquisitions; (2) as a result, Coty had overpaid for the P&G Specialty Beauty Business and Kylie Cosmetics; (3) Coty did not have adequate infrastructure to smoothly integrate and support the beauty brands that it acquired from P&G, including an adequate supply chain; (4) as a result of its inadequate infrastructure, Coty was not successfully integrating the beauty brands it acquired from P&G and not delivering synergies from the acquisition; and (5) as a result of the foregoing, Coty's financial statements

and Defendants' statements about Coty's business, operations, and prospects, were materially false and/or misleading at all relevant times.

On October 3, 2016, Coty issued a press release announcing the completion of its blockbuster merger with The Proctor & Gamble Company's fine fragrance, color cosmetics, salon professional and hair color and certain styling businesses ("P&G Specialty Beauty Business") for $12.5 billion to scale up its beauty business. In the press release, Defendant Becht, Chairman of Coty's Board of Directors, confirmed that "…we now have a much improved team, structure and culture to make the vision of this merger a reality."

Less than a year later however, Coty surprised investors with disappointing financial results for the fourth quarter and fiscal year ended June 30, 2017 before the market opened on August 22, 2017, including a 10% organic revenue decline in Consumer Beauty – which historically accounted for nearly half of Coty's revenue – signaling that the integration of P&G's over 40 beauty brands was still not a reality. That same day, Defendant and Chief Executive Officer Pane assured investors that "[w]e completed the incredibly complex acquisition of the P&G Beauty Business, fully reorganized into a product and customer focused organizational structure, successfully reached significant milestones in our integration efforts, and boosted our brand portfolio…" and that "[r]egarding the P&G Beauty Business, our integration efforts are proceeding well and we remain on track with the synergy delivery." On this news, Coty's stock price dropped $3.31 per share, or almost 17%, from a close of $19.55 per share on August 21, 2017 to close at $16.24 per share on August 24, 2017 after three days of trading on heavy volume.

Then, before the market opened on November 7, 2018, Coty surprised the market again, announcing a bigger than expected decline in first quarter fiscal year 2019 sales due to "several temporary supply-chain related headwinds" which included "[w]arehouse and planning center

consolidated disruptions in Europe and the U.S." While conceding "the increased scope of the disruptions resulted in much weaker results than previously expected," which reflected the internal challenges in integrating P&G's beauty brands into Coty's structure, Defendant Pane indicated that the challenges would be short-lived: "With the P&G Beauty integration near completion, and after we have overcome the internal challenges, we will be better equipped to focus more externally." On this news, Coty's stock price dropped $2.88 per share, or almost 26%, from a close of $11.18 per share on November 6, 2018 to a close of $8.30 per share on November 8, 2018 after two days of trading on heavy volume.

On November 18, 2019, Coty announced another beauty brand acquisition – a 51% majority stake in Kylie Cosmetics for $600 million in order to "build and further develop Kylie's existing beauty business," which "realized an estimated $177M net revenues for the trailing twelve months (TTM)." Kylie Jenner was described "as the youngest-ever self-made billionaire on the cover of Forbes Self-Made Billionaire issue in August 2018."

Then, on May 29, 2020, Forbes reported that Kylie Jenner "has been inflating the size and success of her business. For years." – revealing that Defendants had overvalued yet another acquisition. On this news, Coty fell $0.56, or over 13%, from a close of $4.19 on May 28, 2020 to a close of $3.63 per share on May 29, 2020 on heavy volume.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Movant and other Class members have suffered significant losses and damages.

## ARGUMENT

### I.   MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the

date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that:

> (aa) has either filed the complaint or made a motion in response to a notice…;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Movants satisfy all three of these criteria, and thus is entitled to the presumption of being the "most adequate plaintiff" for the Class.

### A. Movant Is Willing to Serve as Class Representative

Movant has filed herewith a PSLRA certification attesting that she is willing to serve as representative of the class and remains willing to provide testimony at deposition and trial, if necessary. *See* Ex. 2 hereto. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B. Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total

losses." *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Of the *Lax/Olsten*-styled[1] factors in determining the largest financial interest, the financial loss is the most significant factor. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period." *In re Bally Total Fitness, Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

Movant lost approximately $308,279.74 in connection with her purchases of Coty securities. *See* Ex. 3 hereto. Movant is not aware of any other movant that has suffered greater losses in Coty securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movant will satisfy the requirements of Rule 23 is

---

[1] *Lax v. Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

sufficient. *Fuwei Films*, 247 F.R.D. at 439 (only a *prima facie* showing is required). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.,* 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

### 1. Movant's Claims are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiffs' claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiffs' claims are based on the same legal theory. *See In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that Defendants violated the Exchange Act by issuing false and misleading and failing to disclose material statements about the Company's business. Movant's interests are closely aligned with the other Class members' and Movant's interests are, therefore, typical of the other members of the Class.

### 2. Movant Is Adequate

The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a potential representative's claim and those asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.3d. 201, 265 (3d Cir. 2001).

Here, Movant has communicated with competent, experienced counsel concerning this case, and made this motion to be appointed as Lead Plaintiff. Movant is not aware that any conflict exists between his claims and those asserted on behalf of the Class. Movant also

7

sustained substantial financial losses from investments in Coty securities and is therefore, extremely motivated to pursue claims in this action.

### D. Movant Is Presumptively the Most Adequate Plaintiff

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interests of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption that Movant is the most adequate Lead Plaintiff is not, therefore subject to rebuttal. Accordingly, Movant has suffered financial losses and has the largest financial interest in this case of any timely lead plaintiff.

Movant is a sophisticated investor with 30 years of investing experience. She holds a master's degree and is currently the global supply chain leader for a beauty company. The ability of Movant to represent the Class fairly and adequately is discussed above. Movant is not aware of any unique defenses Defendants could raise against her that would render Movant inadequate to represent the Class.

## II. MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Rosen Lead Counsel. The firm has been actively researching Movant's and the Class's claims, including reviewing publicly available financial and other documents while gathering information in support of the claims against Defendants. Furthermore, the firm has an extensive history bringing significant recoveries to investors and are experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in other courts throughout the country. *See* Exs. 4 hereto. The firm has prosecuted numerous securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel have the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests the Court issue an Order: (1) appointing Movant as Lead Plaintiff of the Class; (2) approving Movant's selection of Rosen as Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: November 3, 2020          Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**
/s/ Phillip Kim
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and Class*

9

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 3, 2020, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/Phillip Kim