## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CRYSTAL GARRETT-EVANS, Individually and on Behalf of All Others Similarly Situated, | : :<br>: : | Civil Action No. 1:20-cv-07277 |

CRYSTAL GARRETT-EVANS, Individually and
on Behalf of All Others Similarly Situated,

              Plaintiff,

vs.

COTY INC., LAMBERTUS "BART" BECHT,
CAMILLO PANE, PIERRE LAUBIES,
PATRICE DE TALHOUET, and PIERRE-
ANDRE TERISSE,

              Defendants.

:      Civil Action No. 1:20-cv-07277

## MEMORANDUM OF LAW IN SUPPORT OF THE COTY INVESTOR GROUP'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL

## I.    PRELIMINARY STATEMENT

Currently pending before this Court is a securities class action lawsuit alleging defendants Coty Inc. ("Coty" or the "Company"), Lambertus "Bart" Becht, Camillo Pane, Pierre Laubies, Patrice De Talhouet, and Pierre-Andre Terisse, (herein, "Defendants") violated §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder by the United States Securities Exchange Commission.

The Court must appoint as lead plaintiff the movant it "determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i)-(B)(iii). Guiding that determination, the Private Securities Litigation Reform Act of 1995 ("PSLRA") creates a presumption that the most adequate plaintiff is the "person or group of persons" who "has the largest financial interest" and "otherwise satisfies the requirements of Rule 23 . . ." *Id.*

Movants Reinhold Thurner, Michelle Mason, and Morgan Achiche (the "Coty Investor Group") believe they have the largest financial interest in the outcome of this litigation because, during the period from October 3, 2016 to May 28, 2020, both dates inclusive, (the "Class Period"), they lost approximately $442,653 due to the alleged fraud. *See* Declaration of Constantine P. Economides ("Economides Decl."), Exs. A-B. Moreover, the Coty Investor Group satisfies the Rule 23 requirements because its claims are typical of the Class's claims, and it will fairly and adequately represent the Class's interests. *See id.* at Ex. C. In addition, the Coty Investor Group's selection of Roche Cyrulnik Freedman LLP ("RCF") to serve as Lead Counsel should be approved because the Firm possesses extensive experience and expertise in securities fraud and other class actions. *See id.* at Ex. D. Accordingly, the Coty Investor Group respectfully requests that the Court: (1) appoint the Coty Investor Group as Lead Plaintiff; and (2) approve RCF as Lead Counsel.

## II.    STATEMENT OF ISSUES TO BE DECIDED

1.    Whether the Court should appoint the Coty Investor Group as Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B); and

2.    Whether the Court should approve the Coty Investor Group's selection of RCF as Lead Counsel for the proposed Class pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

## III.    FACTUAL BACKGROUND

Coty is purportedly one of the world's largest beauty companies. ¶2.[1] On October 3, 2016, Coty announced the completion of its blockbuster merger with The Proctor & Gamble Company's ("P&G") fine fragrance, color cosmetics, salon professional and hair color and certain styling businesses ("P&G Specialty Beauty Business") for $12.5 billion to scale up its beauty business. ¶3. On November 18, 2019, Coty announced another major beauty brand acquisition – a 51% majority stake in Kylie Cosmetics, founded by Kylie Jenner, for $600 million. ¶8.

The Complaint alleges that during the Class Period, Defendants made false and/or misleading statements and/or failed to disclose that: (1) despite being no stranger to beauty brand acquisitions, Coty did not have adequate processes and procedures in place to assess and properly value the P&G Specialty Beauty Business and Kylie Cosmetics acquisitions; (2) as a result, Coty had substantially overpaid for the P&G Specialty Beauty Business and Kylie Cosmetics; (3) Coty did not have adequate infrastructure to smoothly integrate and support the beauty brands that it acquired from P&G, including an adequate supply chain; (4) as a result of its inadequate infrastructure, Coty was not successfully integrating the beauty brands it acquired from P&G and

---

[1] References to ¶ are to the Class Action Complaint for Violations of the Federal Securities Laws, Dkt. No. 1 ("Complaint").

Unless otherwise noted, internal citations are omitted and emphasis is added throughout.

not delivering synergies from the acquisition; and (5) as a result of the foregoing, Coty's financial statements and Defendants' statements about Coty's business, operations, and prospects, were materially false and/or misleading at all relevant times. ¶10.

On February 9, 2017, Coty disclosed what it characterized as "short-term negative transitional impacts especially including significant trade inventory build in the first quarter of fiscal 2017 in parts of the P&G business," indicating that the P&G Specialty Beauty Business may have been overvalued. ¶4. On this news, the price of Coty stock fell nearly 9% from February 8, 2017 to February 10, 2017. *Id*. Then, on August 22, 2017, Coty announced disappointing financial results for the fourth quarter and fiscal year ended June 30, 2017, including a 10% organic revenue decline in Coty's Consumer Beauty division – signaling that the integration of P&G's over 40 beauty brands was still not a reality. ¶5. On this news, the price of Coty stock fell nearly 17% from August 21, 2017 to August 24, 2017. *Id*.

Thereafter, on November 7, 2018, Coty announced a bigger than expected decline in first quarter fiscal year 2019 sales due to "several temporary supply-chain related headwinds," which included "[w]arehouse and planning center consolidated disruptions in Europe and the U.S." ¶6. On this news, the price of Coty stock fell nearly 26% from November 6, 2018 to November 8, 2018. *Id*. Afterward, on July 1, 2019, Coty announced the write down of about $3 billion in the value of the brands acquired from P&G as part of a four-year restructuring plan, confirming that the P&G Specialty Beauty Business had been overvalued. ¶7. On this news, the price of Coty stock fell more than 14%. *Id*.

Finally, on May 29, 2020, *Forbes* reported that Kylie Jenner "has been inflating the size and success of her business[ f]or years" – revealing that Defendants had overvalued yet another acquisition. ¶9. On this news, the price of Coty stock fell more than 13%. *Id*.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Class members have suffered significant losses and damages. ¶11.

## IV.  ARGUMENT

### A.  The Court should appoint the Coty Investor Group as Lead Plaintiff.

Within the first 20 days of filing suit, the PSLRA requires the named plaintiff to publish a notice in a widely circulated national business publication or wire service that advises potential class members that the action is pending and they have a right to move for lead plaintiff in 60 days. 15 U.S.C. § 78u-4(a)(3)(A).

The Court must consider any motion seeking appointment as lead plaintiff within 90 days of that notice and must appoint the movant that the court determines to be "most capable of adequately representing the interests of class members." *See* 15 U.S.C. § 78u-4(a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" who:

> (aa)    has either filed the complaint or made a motion in response to a notice;
>
> (bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by a Class member that the presumptive most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, the Coty Investor Group has complied with the PSLRA's procedural

prerequisites and possesses, to the best of its knowledge, the largest financial interest in the litigation of any other class member seeking appointment as Lead Plaintiff. The Coty Investor Group is also unaware of any unique defenses that Defendants could raise against it. Thus, the Coty Investor Group is entitled to the presumption that it is the most adequate plaintiff to represent the Class. The Coty Investor Group also satisfies the typicality and adequacy requirements of Rule 23, and, as a result, should be appointed Lead Plaintiff in the Action.

### i.   The Coty Investor Group filed a timely motion.

Within 20 days of the filed complaint, Plaintiff Crystal Garrett-Evans published the required notice through *Business Wire*, a widely circulated national business-oriented wire service. 15 U.S.C. § 78u-4(a)(3)(A)(i). *See* Economides Decl., Ex. E. The Coty Investor Group timely filed its motion within the next 60 days, *i.e.,* by November 3, 2020. 15 U.S.C. § 78u-4(a)(3)(A)(i).

### ii.   The Coty Investor Group has the largest financial interest in the Action.

As discussed above, the movant with the largest financial interest in this Action, and who meets Rule 23's adequacy and typicality requirements, is presumptively the lead plaintiff. *Hom v. Vale, S.A.*, No. 1:15-cv-9539-GHW, 2016 WL 880201, at *2 (S.D.N.Y. Mar. 7, 2016). As demonstrated herein, The Coty Investor Group has the largest financial interest in the relief sought by the Class and should therefore be appointed lead plaintiff. *See* Economides Decl., Exs. A-B.

In assessing the largest financial interest, the Court generally considers: "(1) the number of shares purchased; (2) the number of net shares purchased; (3) total net funds expended by the plaintiffs during the class period; and (4) the approximate losses suffered by the plaintiffs." *Hom*, 2016 WL 880201, at *3 (quoting *In re CMED Sec. Litig.,* No. 11-cv-9297 (KBF), 2012 WL

1118302, at *3 (S.D.N.Y. Apr. 2, 2012)).[2] The approximate losses suffered is considered the most important factor. *Id.*

During the Class Period, the Coty Investor Group: (1) purchased 403,568 Coty shares; (2) retained 27,568 net shares; (3) expended $2,301,282 net funds; and (4) as a result of Defendants' materially false and misleading statements, suffered substantial losses of approximately $442,653 The Coty Investor Group, therefore, has a significant financial interest in the outcome of this case. To the Coty Investor Group's knowledge, moreover, there are no other applicants who have sought, or are seeking, appointment as Lead Plaintiff who has a larger financial interest and also satisfies Rule 23.

### iii.    The Coty Investor Group is typical and adequate.

In addition to demonstrating the largest loss, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii). Rule 23(a) requires the following four prerequisites be satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative party are typical of the claims or defenses of the class; and (4) the representative party will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). In a PSLRA case, at this stage of the litigation, "the moving plaintiff must

---

[2] "The PSLRA does not specify a method for calculating which plaintiff has the 'largest financial interest,' and neither the Supreme Court nor the Second Circuit has provided instruction on the appropriate method." *Hom*, 2016 WL 880201, at *3 (quoting *Elstein v. Net1 UEPS Techs., Inc.*, No. 13-cv-9100 (ER), 2014 WL 3687277, at *6 (S.D.N.Y. July 23, 2014)). Damages are calculated based on (i) the difference between the purchase price paid for the shares and the average trading price of the shares during the 90-day period beginning on the date the information correcting the misstatement was disseminated, *or* (ii) the difference between the purchase price paid for the shares and the average trading price of the shares between the date when the misstatement was corrected and the date on which the plaintiff sold their shares, if they sold their shares before the end of the 90-day period. 15 U.S.C. § 78u-4(e).

only make a preliminary showing that the adequacy and typicality requirements have been met." *Hom*, 2016 WL 880201, at *6 (quoting *Blackmoss Investments, Inc. v. ACA Capital Holdings, Inc.,* 252 F.R.D. 188, 191 (S.D.N.Y. 2008)). As detailed below, the Coty Investor Group satisfies both the typicality and adequacy requirements.

### (a)  The Coty Investor Group's claims are typical of the claims of the Class.

Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of those of the class. The typicality requirement is satisfied "where the claims arise from the same conduct from which the other class members' claims and injuries arise." *Hom*, 2016 WL 880201, at *6 (quoting *Goldstein v. Puda Coal, Inc.,* 827 F. Supp. 2d 348, 354 (S.D.N.Y. 2011)).

The Coty Investor Group's claims are typical of, if not identical to, the claims of other members of the putative Class. *See id*. The Coty Investor Group, like the other members of the Class, acquired Coty securities during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements and was damaged thereby when the truth was revealed. The Coty Investor Group suffered losses similar to those of other Class members, and its losses resulted from Defendants' common course of wrongful conduct. Accordingly, the Coty Investor Group satisfy the typicality requirement.

### (b)  The Coty Investor Group is an adequate representative for the Class.

Under Rule 23(a)(4), a representative party must "fairly and adequately protect the interests of the class." The requirement is satisfied if "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has sufficient interest in the outcome of the case to ensure vigorous advocacy." *Hom*, 2016 WL 880201, at *6 (quoting *Foley v. Transocean Ltd.,* 272 F.R.D. 126, 131 (S.D.N.Y. 2011)).

The Coty Investor Group has met the requirements under Rule 23(a)(4) to fairly and adequately protect the interests of the putative Class. *See* Economides Decl., Exs. A-D. Specifically, the Coty Investor Group has retained counsel who, as shown below, is experienced in litigating lawsuits such as this Action; has demonstrated, *supra*, its significant interest in the outcome of the case; and has no reason to believe that its interests are adverse to those of the putative Class members. Therefore, the Coty Investor Group is an adequate representative for the Class. *See Hom*, 2016 WL 880201, at *6.

Accordingly, at this stage of the proceedings, the Coty Investor Group has met all of the requirements for appointment as Lead Plaintiff. It has timely filed its motion, sustained the largest amount of losses from Defendants' alleged wrongdoing, and made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23. Thus, the Coty Investor Group is entitled to the presumption that it is the most adequate plaintiff and, as such, should be appointed to lead this Action. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)-(II).

**B.  The Coty Investor Group's choice of counsel should be approved.**

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. "Although the Court maintains discretion in appointing lead counsel to protect the interests of the class, the statute evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention." *Hom*, 2016 WL 880201, at *7 (quoting *Atwood v. Intercept Pharm., Inc.,* 299 F.R.D. 414, 417 (S.D.N.Y. 2014)); *see e.g. Casper v. Song Jinan*, No. 12-cv-4202 (NRB), 2012 WL 3865267, at *3 (S.D.N.Y. Sept. 6, 2012).

The record confirms that The Coty Investor Group's selection of counsel should be approved; RCF is qualified, experienced, and capable of effectively prosecuting this Action on

behalf of the Coty Investor Group and the Class. *See* Economides Decl., Exs. C-D.

Most recently, RCF was appointed, and is serving as, Lead Counsel in the securities fraud class action *Garcia v. J2 Global, Inc. et al.*, No. 2:20-cv-06096 (C.D. Cal.). RCF has also been appointed, and is serving, as Co-Lead Counsel in the following securities fraud class action cases across the country, including in this District: *Lowry v. RTI Surgical Holdings, Inc. et al.,* No. 1:20-cv-01939 (N.D. Ill.); *Hartel v. Geo Group, Inc. et al.,* No. 9:20-cv-81063 (S.D. Fla.); *Clifford et al. v. Tron Found. et al.,* No. 1:20-cv-02804 (S.D.N.Y.); *Clifford v. Bibox et al.,* No. 1:20-cv-02807 (SDNY); *Zhang v. Civic Techs., Inc. et al.,* No. 1:20-cv-02811 (S.D.N.Y.); *Clifford v. Status Research and Development GmbH et al.,* No. 1:20-cv-02815 (S.D.N.Y.); *Williams et al. v. HDR Global Trading Ltd et al.,* No. 1:20-cv-02805 (S.D.N.Y.); *Clifford v. KayDex Pte. Ltd. et al.* No. 1:20-cv-02812 (SDNY); *Zhang v. BProtocol Found., et al.,* No. 1:20-cv-02810 (S.D.N.Y.); *Lee et al. v. Binance et al.*, No. 1:20-cv-02803 (S.D.N.Y.); *Williams v. Quantstamp, Inc. et al.*, No. 1:20-cv-02813 (S.D.N.Y.); and *Williams v. KuCoin et al.*, No. 1:20-cv-02806 (S.D.N.Y.). Additionally, RCF has been appointed, and is serving, as Co-Lead Counsel in *Leibowitz v. Ifinex Inc.*, No. 1:19-cv-09236-KPF (S.D.N.Y.), an antitrust, market manipulation, and RICO class action.

Moreover, RCF's attorneys have decades of experience in complex litigation, including securities litigation and class actions on behalf of plaintiffs and defendants. *See* Economides Decl., Ex. D. The firm's attorneys have previously been appointed as co-lead counsel in securities class actions, including *Kipling v. Flex Ltd., et al.*, No. 18-CV-02706-LHK, Dkt. No. 21 (N.D. Cal.), and consumer class actions, including *In re Google Plus Profile Litigation*, No. 5:18-cv-06164-EJD (N.D. Cal.), Dkt. No. 44, and *In re First American Financial Corporation Cases*, No. 8:19-cv-01105, Dkt. No. 34 (C.D. Cal.). *See id*. In addition, the firm's attorneys have clerked for federal judges sitting in the Southern District of New York, Eastern District of New York, Eastern District

of Pennsylvania, Eastern District of Louisiana, Southern District of Florida, Second Circuit, Fourth Circuit, Fifth Circuit, Ninth Circuit, and United States Supreme Court. *See id.* The Coty Investor Group respectfully submits that this wealth of experience and qualifications demonstrates RCF's ability to provide the highest caliber of representation to the Class.

## V.  CONCLUSION

For the foregoing reasons, the Coty Investor Group respectfully requests that the Court: (1) appoint the Coty Investor Group as Lead Plaintiff; (2) approve the Coty Investor Group's selection of RCF as Lead Counsel for the putative Class; and (3) grant such other relief as the Court may deem just and proper.

DATED: November 3, 2020                    Respectfully Submitted,

**ROCHE CYRULNIK FREEDMAN LLP**

*/s/ Constantine P. Economides*
Constantine P. Economides
Velvel (Devin) Freedman (*pro hac forthcoming*)
Ivy T. Ngo (*pro hac forthcoming*)
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 971-5943
Email: ceconomides@rcfllp.com
Email: vel@rcfllp.com
Email: ingo@rcfllp.com

Kyle Roche
Jason Cyrulnik
99 Park Avenue, 19th Floor
New York, NY 10016
Telephone: (646) 350-0527
Email: kyle@rcfllp.com
Email: jcyrulnik@rcfllp.com

*Counsel for Lead Plaintiff Movants Reinhold Thurner, Michelle Mason* and *Morgan Achiche and Proposed Lead Counsel for the Class*

**THE SCHALL LAW FIRM**
Brian Schall (*pro hac forthcoming*)
1880 Century Park East, Suite 404
Los Angeles, CA 90067
Telephone: (424) 303-1964
Email: brian@schallfirm.com

*Additional Counsel for Lead Plaintiff Movants
Reinhold Thurner and Michelle Mason and Proposed
Lead Counsel for the Class*

**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
Email: peretz@bgandg.com

*Additional Counsel for Lead Plaintiff Movant Morgan
Achiche*

## **CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on November 3, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

*/s/ Constantine P. Economides*
Constantine P. Economides