```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -X
CRYSTAL GARRETT-EVANS, Individually
and on Behalf of All Others
Similarly Situated,

                    Plaintiff,

          - against -                      20 Civ. 7277 (LLS)

                                            MEMORANDUM &
                                            ORDER OF APPOINTMENT
COTY INC., LAMBERTUS "BART" BECHT,
CAMILLO PANE, PIERRE LAUBIES,
PATRICE DE TALHOUËT, and PIERRE-
ANDRE TERISSE,

                    Defendants.
- - - - - - - - - - - - - - - - - - -X
```

Before the Court are three competing motions for appointment as lead plaintiff and counsel in this putative securities class action: one by Susan Nock (Dkt. 24), one by Davide Tardino (Dkt. 21), and one brought jointly by Reinhold Thurner, Michelle Mason, and Morgan Achiche (the "Coty Investor Group") (Dkt. 27). Also before the Court is a stipulation and proposed order, signed by all five movants' counsel and submitted after their individual motions, seeking appointment of Nock, Mason, Thurner, and Achiche as co-lead plaintiffs and The Rosen Law Firm, P.A. ("Rosen") and Roche Cyrulnik Freedman LLP as co-lead counsel (Dkt. 30).

**Appointment of Lead Plaintiff**

The Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B)(i), requires the Court to

-1-

appoint as lead plaintiff the "most adequate plaintiff." It further provides that:

> the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that--
>
> > (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
> >
> > (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> >
> > (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

Id. § 78u-4(a)(3)(B)(iii)(1). Each motion was timely made in response to a notice, satisfying the first requirement.

Based on the complaint and motion papers, the named plaintiff (Crystal Garrett-Evans) and movants have the following estimated losses[1]:

- Crystal Garrett-Evans: $88.49
- Susan Nock: $308,279.74
- Davide Tardino: $219,316.13
- The Coty Investor Group: $442,653.04
    - Reinhold Thurner: $128,927.71
    - Michelle Mason: $139,671.39
    - Morgan Achiche: $174,053.94

Nock is the individual with the greatest estimated loss and thus satisfies the second requirement.

---

[1] See Compl. Sched. A (estimated loss calculated by netting the $3.63 May 29, 2020 share price against the share prices at each date Garrett-Evans bought shares); Nock Mem. Ex. 3; Hopkins Decl. Ex. B; Economides Decl. Ex. B.

Nock also meets the requirements of Fed. R. Civ. P. 23 relevant to lead plaintiff appointment. "Typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." In re Oxford Health Plans, Inc. Sec. Litig., 182 F.R.D. 42, 49 (S.D.N.Y. 1998). "Further, at this stage of litigation, only a preliminary showing of typicality and adequacy is required." Kaplan v. Gelfond, 240 F.R.D. 88, 94 (S.D.N.Y. 2007). Nock's claims are typical of those of the other class member since Nock, "like all members of the Class, alleges that Defendants violated the Exchange Act by issuing false and misleading and failing to disclose material statements about the Company's business." Nock Mem. at 7. Further, Nock's representation of the class is adequate as Nock has sustained the largest loss of any individual applicant for the role, is represented by competent, experienced counsel, and "is not aware that any conflict exists between her claims and those asserted on behalf of the Class." Id.

The "Coty Investor Group" is composed of three individuals, two of whom live in Switzerland, and the third in Dubai. None of their individual losses is as much as 60% of Ms. Nock's losses. They pooled them to create the arithmetically greater amount, but it is hard to see how that arrangement would enhance the efficient and economical administration of the action. They proposed to retain Roche Cyrulnik Freedman LLP as class counsel, with the Schall Law Firm as Additional Counsel for Thurner and

Mason, and Bronstein, Gewirtz & Grossman, LLC as Additional Counsel for Mr. Achiche.[2] The prospects for duplication, delay, expense and multiplication of communication among these non-resident one-thirds of a plaintiff and three law firms cannot compete in economy or efficiency with one experienced, competent, domestic investor with the highest losses, as Lead Plaintiff, and her selection of one fully qualified New York law firm, experienced in the field, as Lead Counsel.

As stated in In re Donnkenny Incorporated Securities Litigation, 171 F.R.D. 156, 157-58 (S.D.N.Y. 1997) (citation omitted):

> To allow an aggregation of unrelated plaintiffs to serve as lead plaintiffs defeats the purpose of choosing a lead plaintiff. One of the principal legislative purposes of the PSLRA was to prevent lawyer-driven litigation. Appointing lead plaintiff on the basis of financial interest, rather than on a "first come, first serve" basis, was intended to ensure that institutional plaintiffs with expertise in the securities market and real financial interests in the integrity of the market would control the litigation, not lawyers. . . . To allow lawyers to designate unrelated plaintiffs as a "group" and aggregate their financial stakes would allow and encourage lawyers to direct the litigation.

Accordingly, movant Susan Nock is the most adequate plaintiff and is appointed as lead plaintiff for the class.

### Appointment of Lead Counsel

"The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class."

---

[2] Their Joint Declaration, in their motion for appointment of the group as lead "plaintiff."

-5-

15 U.S.C. § 78u-4(a)(3)(B)(v). Susan Nock selected Rosen, a firm which is well qualified and has successfully served as counsel in numerous complex securities class actions. Accordingly, The Rosen Law Firm, P.A. is appointed as lead counsel.

## Conclusion

Susan Nock's motion (Dkt. 24) is granted. Susan Nock is appointed lead plaintiff, and the Rosen Law Firm, P.A. lead counsel. The motions of Davide Tardino (Dkt. 21) and the Coty Investor Group (Dkt. 27) are denied.

So ordered.

Dated: New York, New York
       November 23, 2020

                                                     *Louis L. Stanton*
                                                  LOUIS L. STANTON
                                                     U.S.D.J.