

# The Rosen Law Firm

## INVESTOR COUNSEL

MEMO ENDORSED

Philip Kim, Esq.
pkim@rosenlegal.com

January 21, 2021

**VIA ECF**

Hon. Louis L. Stanton
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/22/21

RE:   *Garrett-Evans v. Coty, Inc. et al.*
Case No. 1:20-cv-07277

Dear Judge Stanton:

We represent Lead Plaintiff, Susan Nock, in this class action. The Court recently appointed us Lead Counsel. We write to inform the Court both that we shall name Reinhold Thurner ("Mr. Thurner") as an additional class representative in the Amended Complaint we shall file tomorrow and that in prosecuting this class action, we intend to assign work to Mr. Thurner's counsel, Roche Cyrulnik Freedman LLP ("RCF").[1] We submit this notice to apprise the Court of how including Mr. Turner and his counsel in our prosecution of this action will benefit the class. *See, In re Allergan PLC Sec. Litig.*, 18CIV12089CMGWG, 2020 WL 5796763, at *7 (S.D.N.Y. Sept. 29, 2020).

Lead plaintiffs have a "responsibility" and "obligation" to add additional named plaintiffs when doing so is in the class's best interest. *See In re WorldCom, Inc. Sec. Litig.*, 294 F. Supp. 2d 392, 422 (S.D.N.Y. 2003) ("obligation" in context of allegations and causes of action "to identify as named plaintiffs any additional class representatives that were necessary to assert the claims"). Accordingly, no legal bar prevents adding other representative plaintiffs "to represent more broadly the interests of the class at the time of the filing of the consolidated class complaint." *Id.* at 422. This is especially the case where doing so will provide strategic benefit to the class, as "[o]nce the lead plaintiff is appointed, that lead plaintiff has the autonomy and authority to direct the course and strategy of the litigation." *In re Synergy Pharmaceuticals, Inc. Sec. Litig.*, 2019 WL 6150713, at *2 (E.D.N.Y. Nov. 20, 2019); *In re Bank of Am. Corp. Sec., Derivative, & Employee Ret. Income Sec. Act (ERISA) Litig.*, 09 MD 2058 PKC, 2011 WL 4538428, at *1 (S.D.N.Y. Sept. 29, 2011) (seeking "leave to add additional class plaintiffs" is "a decision . . . within the lead

---

[1] We write with the consent of Mr. Thurner and RCF.

1

Case 1:20-cv-07277-LLS    Document 35    Filed 01/21/21    Page 2 of 2

plaintiffs' prerogative to exercise control over the litigation as a whole") (internal quotation omitted).

Mr. Thurner timely filed a motion for appointment as lead plaintiff, has a significant financial interest in the Action, and otherwise satisfies the requirements of Rule 23. Accordingly, it is in the best interests of the Class to add Mr. Thurner as a named plaintiff in the forthcoming Amended Complaint.

Further, it is in the Class's best interests to delegate some responsibilities for prosecuting this class action to Mr. Thurner's counsel, RCF, under my firm's supervision. Acknowledging that lead counsel—in representing the Class's interests—may enlist the work of other attorneys, the Second Circuit has established that a rebuttable presumption of correctness applies to a lead counsel's decision to apportion attorneys' fees from the settlement fund to non-lead counsel. *See Flanagan, Lieberman, Hoffman & Swaim v. Ohio Pub. Emples. Ret. Sys.*, 814 F.3d 652, 660 (2d Cir. 2016) (without impropriety, no reason exists "to interfere in any decision Co-Lead Counsel might make to share their own portion of fees with a law firm that produced work at Co-Lead Counsel's behest"). RCF's work as additional counsel will immediately benefit the Class. RCF conducted the initial investigation into this case and drafted the initial complaint. RCF's experience, work product, and resources will benefit the Class and will in no way cause duplication of effort or otherwise reduce the Class's recovery. Faithful to the Court's Order, appointing them, Lead Counsel will remain in full control of the litigation, delegating to RCF only such litigation tasks that promote (rather than detract from) efficiency and ensuring that RCF's inclusion only benefits the Class.

Proceeding in this manner will maximize efficiency and is in the Class's best interests. We stand ready to address any questions or concerns the Court may have.

Respectfully,

**THE ROSEN LAW FIRM, P.A.**

*/s/ Phillip Kim*

Phillip Kim

cc:     All counsel of record (Via ECF)

2

THE ROSEN LAW FIRM, P.A. ♦ 275 MADISON AVENUE, 40TH FLOOR ♦ NEW YORK, NY 10016 ♦ TEL: 212-686-1060 ♦ FAX: 212-202-3827

*[Handwritten margin note:]* There may be many who are so qualified, but the point is whether the Rosen firm really needs their help. That is not clear from these generalities. This application is denied, without prejudice to renewal on longer notice and with detail of the advantages of this proposed additional layer of professional assistance to Rosen, with a minimum of duplication, which is almost unavoidable. So Ordered. Louis L. Stanton 1/22/21